UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


AVERY PATTERSON,

          Petitioner,

v.                                              Case No: 5:16-cv-75-TPB-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

          Respondents.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner Avery Patterson initiated this action on February 8, 2016, by
filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) while incarcerated
with the Florida Department of Corrections. On July 1, 2016, the Court
directed Petitioner to keep the Court apprised of his current address at all
times. See Order (Doc. 14 at 3). The website for the Florida Department of
Corrections reflects that Petitioner was released from FDOC custody on June
10, 2020.[1] Petitioner, however, did not update his address with the Court.
Therefore, on September 2, 2020, the Court directed Petitioner to file a
notice, by September 30, 2020, advising the Court of his current custody
status and whether his release from custody affects the collateral

_____

[1] See Corrections Offender Network, Florida Department of Corrections, available
at http://www.dc.state.fl.us/offenderSearch (last visited May 6, 2021).

consequences of this federal habeas action. See Order (Doc. 51). The Court advised Petitioner that failure to timely comply may result in the dismissal of this action without further notice.

"If a petitioner is released from imprisonment subsequent to his filing a habeas petition, he must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution." Shuler v. Warden, FCC Coleman –USP II, No. 5:12-cv-2580Oc-29PRL, 2015 WL 4606220, *2 (M.D. Fla. July 30, 2015) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395–96 (1980); Mattern v. Sec'y Dep't of Corr., 494 F.3d 1282, 1285 (11th Cir.2007); Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987)). Once a petitioner's sentence expires, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1988).

In prosecuting this action, Petitioner is responsible for complying with this Court's Orders. As of the date of this Order, he has neither complied with the Court's Orders (Docs. 14, 51), filed a notice of change of address, explained his noncompliance, nor requested additional time to comply. Notably, Petitioner has not filed any documents since filing a Motion to Hear and Rule (Doc. 50) over 560 days ago. Given that the designated time to

respond to the Court's Order (Doc. 51) passed on September 30, 2020, this Court concludes that dismissal of this case is appropriate at this time.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall update Petitioner's mailing address to the stated residence upon release: 15675 N.W. 43rd Court, Reddick, FL 32686, enter judgment dismissing this case without prejudice, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2021.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

caw 5/6/Jax-7
c:
Avery Patterson
Counsel of Record